Delgado v City of New York (2020 NY Slip Op 00093)





Delgado v City of New York


2020 NY Slip Op 00093


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10717 22895/16

[*1] Daniel Minaya Delgado, Plaintiff-Appellant,
v
The City of New York, et al., Defendants, The New York City Housing Authority, Defendant-Respondent.


Harris Law, New York (Joseph Kelley of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about October 12, 2018, which granted defendant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
NYCHA established prima facie that it neither created nor had actual or constructive notice of the black ice that allegedly caused plaintiff's fall in the employee parking lot. A NYCHA maintenance worker testified that he had cleared snow from the lot the day before plaintiff's alleged accident and salted the area on the morning of the accident, 1½ to 2 hours before plaintiff's fall. Plaintiff admitted that he had not observed any black ice before falling (see Pena v City of New York, 161 AD3d 522, 523 [1st Dept 2018]).
In opposition, plaintiff submitted an affirmation by his counsel asserting that black ice was created by the melting and re-freezing of snow. The affirmation failed to raise an issue of fact because it was not made on the basis of personal knowledge of the facts and was not supported by any evidence (see Johannsen v Rudolph, 34 AD3d 338, 339 [1st Dept 2006]). There is also no evidentiary support for plaintiff's insinuation that the area was salted only after his fall (see Cyril v Mueller, 104 AD3d 465 [1st Dept 2013]).
Finally, we decline to consider plaintiff's claim that NYCHA had notice of a recurring condition as plaintiff failed to allege this theory in his notice of claim (Rodriguez v Board of Educ. of the City of N.Y., 107 AD3d 651 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK