Castillo v Surasi (2020 NY Slip Op 01903)





Castillo v Surasi


2020 NY Slip Op 01903


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-06237
 (Index No. 12561/12)

[*1]Robert Castillo, appellant, 
v
Srikrishna Surasi, etc., et al., respondents, et al., defendants.


Bonina & Bonina, P.C. (John Bonina and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.



DECISION & ORDER
In a consolidated action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated April 10, 2017. The order, insofar as appealed from, granted the motion of the defendants Srikrishna Surasi and New York City Health and Hospitals Corporation for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Srikrishna Surasi and New York City Health and Hospitals Corporation for summary judgment dismissing the complaint insofar as asserted against them is denied.
On October 3, 2011, the plaintiff, who had been previously diagnosed with prostate cancer, underwent a prostatectomy performed by the defendant Srikrishna Surasi at Woodhull Medical Center, which is operated by the defendant New York City Health and Hospitals Corporation (hereinafter NYCHH). After the prostate gland was removed, the urethra, which runs through the prostate gland, was surgically reattached to the bladder neck. A Foley catheter was placed within the urethra to allow healing and drainage of urine through the reconnected urethra. The plaintiff was discharged on October 7, 2011, and was instructed to follow up at the urology clinic on October 12, 2011.
On October 10, 2011, the plaintiff began experiencing pain and was taken by ambulance to the defendant Richmond University Medical Center (hereinafter RUMC). The doctor who saw the plaintiff in RUMC's emergency room, the defendant Lien Ping, found that the plaintiff was retaining urine and ordered that the Foley catheter be flushed. When that proved unsuccessful, Lien Ping ordered a nurse, the defendant Giustino Valenti, to remove the Foley catheter and reinsert another Foley catheter. A CT scan was performed following the Foley catheter removal and reinsertion, which showed placement of the new Foley catheter in the bladder, and the plaintiff was discharged on October 11, 2011.
When the plaintiff returned to Surasi on the following day for his surgical follow-up appointment, he continued to experience pain. A CT scan was ordered, and the scan showed that the plaintiff's rectum had been perforated and he had developed a recto-vesical fistula. An emergency laparotomy and transverse loop colostomy was performed, and the plaintiff remained [*2]hospitalized until October 20, 2011.
The plaintiff commenced this consolidated action against, among others, Surasi and NYCHH (hereinafter together the NYCHH defendants), as well as Valenti and RUMC (hereinafter together the RUMC defendants). The NYCHH defendants and the RUMC defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them and submitted expert affirmations in support of their motions. Each of the moving defendants' experts opined, with a reasonable degree of medical certainty, that the injuries sustained by the plaintiff were caused by the actions taken and care rendered by other defendants. The plaintiff opposed the motions, submitting an affirmation of his own expert and copies of the expert affirmations submitted by each set of moving defendants, and contending that there were triable issues of fact precluding an award of summary judgment to either set of moving defendants. In an order dated April 10, 2017, the Supreme Court denied the RUMC defendants' motion and granted the NYCHH defendants' motion, finding that the plaintiff's submissions in opposition to the NYCHH defendants' motion were insufficient to raise a triable issue of fact. The plaintiff appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). Thus, in moving for summary judgment, a physician defendant must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see id. at 24). Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 30).
Here, the NYCHH defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting the affirmations of their experts, a board-certified urologist and a board-certified radiologist, who opined that the NYCHH defendants did not deviate from accepted standards of care, that their care and treatment of the plaintiff did not proximately cause the plaintiff's injuries, and, rather, that the plaintiff's injuries were the direct result of the acts of the RUMC defendants and other defendants (see Roye v Gelberg, 172 AD3d 1260, 1262; Lefkowitz v Kelly, 170 AD3d 1148, 1150).
In opposition, however, the plaintiff's submissions were sufficient to raise a triable issue of fact. The expert affirmations of two board-certified urologists submitted by the plaintiff contradicted the conclusion of the NYCHH defendants' experts that the RUMC defendants and other defendants caused the plaintiff's injuries. The plaintiff's experts concluded, with a reasonable degree of medical certainty, that the plaintiff's injuries occurred intra-operatively during the prostatectomy performed by Surasi at Woodhull Medical Center. Summary judgment is not appropriate in a medical malpractice action where, as here, the parties adduce conflicting medical expert opinions. "Such credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519).
Accordingly, the Supreme Court should have denied the NYCHH defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (see M.C. v Huntington Hosp., 175 AD3d 578, 581; Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1040).
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court