Kiernan v Arevalo-Valencia (2020 NY Slip Op 03388)





Kiernan v Arevalo-Valencia


2020 NY Slip Op 03388


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-08853
 (Index No. 53683/13)

[*1]James Kiernan, et al., appellants, 
v
Diana Arevalo-Valencia, et al., respondents.


Meagher & Meagher, P.C., White Plains, NY (Merryl F. Weiner of counsel), for appellants.
Westermann, Sheehy, Keenan, Samaan & Aydelott, LLP, White Plains, NY (Timothy J. Lenane of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated July 17, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against the defendants Diana Arevalo-Valencia and Maple Medical, LLP, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On November 28, 2012, the plaintiff James Kiernan (hereinafter Kiernan) was seen by Diana Arevalo-Valencia, an internist, allegedly employed by Maple Medical, LLP (hereinafter Maple). Kiernan complained of certain symptoms, including neck pain, headache, and scalp sensitivity, and Arevalo-Valencia diagnosed him with cervicalgia, among other things. Eight days later, Kiernan's daughter informed Arevalo-Valencia over the phone that Kiernan was experiencing vision loss. At Arevalo-Valencia's suggestion, Kiernan was seen by certain specialists and was diagnosed with temporal arteritis. Allegedly as a result of that condition, Kiernan suffered permanent and irreversible blindness.
The plaintiffs thereafter commenced the instant action, inter alia, to recover damages for medical malpractice, against Arevalo-Valencia, Maple, and Louis Vizioli, another internist allegedly employed by Maple. The defendants moved for summary judgment, inter alia, dismissing the first and third causes of action, and those branches of the motion were granted by order dated July 17, 2017. The plaintiffs appeal from those portions of the order.
"A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries. In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements [*2]with respect to which the defendant has met its initial burden" (Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945-946). Here, the defendants met their prima facie burden by submitting a physician's affirmation, opining that Kiernan's symptoms on November 28, 2012, were "non specific and non diagnostic symptoms," such that the "potential to make the diagnosis of temporal arteritis" did not arise until Kiernan thereafter began experiencing vision loss. The expert asserted that the treatment rendered by the defendants was in accordance with the accepted standard of care and did not proximately cause the plaintiffs' injuries.
In opposition, however, the plaintiffs raised a triable issue of fact as to the allegations in the first and third causes of action insofar as asserted against Arevalo-Valencia and Maple. The plaintiffs submitted the affirmation of an expert, who opined, in nonconclusory fashion, that Arevalo-Valencia failed to properly examine Kiernan, investigate and appreciate his symptoms, and diagnose him with temporal arteritis.
Contrary to the Supreme Court's conclusion, the plaintiffs' expert's affirmation was not lacking in probative value because the plaintiffs' expert was board certified in general surgery rather than internal medicine. A medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field; however, the expert must be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable (see DiLorenzo v Zaso, 148 AD3d 1111, 1113; Behar v Coren, 21 AD3d 1045, 1047). "Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Behar v Coren, 21 AD3d at 1047; see DiLorenzo v Zaso, 148 AD3d at 1113). "Where no such foundation is laid, the expert's opinion is of no probative value'" (DiLorenzo v Zaso, 148 AD3d at 1113, quoting Feuer v Ng, 136 AD3d 704, 707).
Here, the plaintiffs' expert's affirmation sufficiently established that the plaintiffs' expert was possessed of the requisite skill, training, education, knowledge and experience from which it can be assumed that the opinion rendered was reliable (see M.C. v Huntington Hosp., 175 AD3d 578, 580; Breland v Jamaica Hosp. Med. Ctr., 49 AD3d 789, 790; Erbstein v Savasatit, 274 AD2d 445). In particular, the expert demonstrated that he was qualified to render an opinion regarding the symptomology of temporal arteritis, which he characterized as a relatively common disease of the arteries, and as to whether a proper examination and investigation of Kiernan's symptoms was conducted in accordance with accepted medical practices.
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against Arevalo-Valencia and Maple.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the first and third causes of action insofar as asserted against Vizioli, although for a reason different from that relied upon by the court. The plaintiffs' expert asserted that Vizioli, Kiernan's regular physician, was negligent in failing to consult with Arevalo-Valencia after her visit with Kiernan. The expert opined that, if Vizioli had so consulted with Arevalo-Valencia, he would have appreciated the symptoms with which Kiernan had presented and would have diagnosed him with, and properly treated him for, temporal arteritis. Even assuming that Vizioli was negligent for failing to consult with Arevalo-Valencia, the expert's speculation as to what Vizioli would have thought and done had he consulted with Aravalo-Valencia is insufficient to raise a triable issue of fact with respect to the causes of action insofar as asserted against Vizioli (see Wagner v Parker, 172 AD3d 954, 955; Prunty v Pastula, 171 AD3d 1110, 1112). Accordingly, the causes of action, insofar as asserted against him, were properly dismissed.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court