Joynes v Donatelli (2021 NY Slip Op 00304)





Joynes v Donatelli


2021 NY Slip Op 00304


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-05012
 (Index No. 63741/13)

[*1]Susan Joynes, etc., respondent, 
v
Anthony N. Donatelli, etc., et al., defendants, Melissa Palmer, etc., appellant.


Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for appellant.
Sullivan Papain Block McGrath & Cannavo P.C., Garden City, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for medical malpractice, etc., the defendant Melissa Palmer appeals from an order of the Supreme Court, Suffolk County (Sanford N. Berland, J.), dated March 22, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
The plaintiff's decedent (hereinafter the decedent) began treating with the defendant Melissa Palmer, a gastroenterologist and hepatologist, in 2009 after he was diagnosed with hepatitis C. Palmer ordered a biopsy of the decedent's liver, and, based upon the results, recommended that the decedent begin treating with antiviral drugs and opined that he did not need another biopsy for five years. Palmer treated the decedent until 2011, when she closed her practice. In July 2013, the decedent was diagnosed with liver cancer and died shortly thereafter.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that Palmer was negligent and departed from acceptable standards of medical care when she failed to diagnose the decedent's liver cancer when it was treatable, failed to properly consider his increased risk for liver cancer when she declined to recommend further screening, failed to properly communicate the decedent's risks to him and his primary care physician, and failed to properly document the decedent's treatment with his primary care physician. Palmer moved for summary judgment dismissing the complaint insofar as asserted against her, and the Supreme Court denied the motion. Palmer appeals.
"A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries. In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements with respect to which the defendant has met its initial burden" (Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945-946; see Kiernan v Arevalo-Valencia, 184 AD3d 727, 728). "A medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that [*2]field; however, the expert must be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Kiernan v Arevalo-Valencia, 184 AD3d 727, 729).
Here, Palmer established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her through the affidavits of her experts, a board-certified hepatologist and board-certified pathologist, who concluded that Palmer did not depart from the accepted standards of care and that her treatment did not proximately cause the decedent's death (see Castillo v Surasi, 181 AD3d 786, 788).
In opposition, however, the plaintiff's submissions were sufficient to raise a triable issue of fact. The expert affidavits of a board-certified gastroenterologist and board-certified oncologist submitted by the plaintiff contradicted the conclusion of Palmer's experts that Palmer did not depart from the accepted standards of care and did not proximately cause the decedent's death. The plaintiff's experts concluded, with a reasonable degree of medical certainty, that Palmer improperly relied on the 2009 biopsy and failed to consider the decedent's increased risk for liver cancer when she declined to recommend follow-up screenings and biopsies, which was a departure from the accepted standards of care. Moreover, the plaintiff's experts concluded that Palmer failed to inform the decedent and his primary care physician of the decedent's risks, failed to document her treatment of the decedent, and failed to insure that the decedent continued to treat his liver disease and hepatitis C after she closed her practice. Finally, the plaintiff's experts concluded that Palmer's negligence and departure from the accepted standards of care proximately caused the decedent's death. "Summary judgment is not appropriate in a medical malpractice action where, as here, the parties adduce conflicting medical expert opinions" (id. at 788-789; see Larcy v Kamler, 185 AD3d 564, 565-566; Joyner v Middletown Med., P.C., 183 AD3d 593, 594). "Such credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519; see Castillo v Surasi, 181 AD3d at 789).
Contrary to Palmer's contention, the plaintiff's experts were qualified to render an opinion on the standard of care for the decedent. The experts affirmed that they had experience in treating patients with liver disease, liver cancer, and hepatitis C, and supported their statements with citations to medical journals. Any lack of expertise that the plaintiff's experts may have had "goes to the weight of his or her opinion[s] as evidence, not its admissibility" (Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904 [internal quotation marks omitted]; Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 847; Leavy v Merriam, 133 AD3d 636, 638).
The parties' remaining contentions are without merit.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court