Ruiz v Opsha (2021 NY Slip Op 01796)





Ruiz v Opsha


2021 NY Slip Op 01796


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-05411
 (Index No. 100234/15)

[*1]Mary Ruiz, appellant, 
v
Oleg Opsha, etc., et al., respondents, et al., defendant.


Krentsel & Guzman (Marcia Raicus and Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellant.
Vaslas Lepowsky Hauss & Danke LLP, Staten Island, NY (Karen Hauss of counsel), for respondent Oleg Opsha.
Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Pamela M. Gleit of counsel), for respondent Rajashree Patil.
Silverson, Pareres & Lombardi LLP, New York, NY (Rachel H. Poritz of counsel), for respondents Lance U. Jung and Staten Island Physician's Practice.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated April 7, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Rajashree Patil, the defendants Lance U. Jung and Staten Island Physician's Practice, and the defendant Oleg Opsha which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendant Rajashree Patil, the defendants Lance U. Jung and Staten Island Physician's Practice, and the defendant Oleg Opsha which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against each of them are denied.
The plaintiff commenced the instant action, inter alia, to recover damages for medical malpractice, alleging that the defendants departed from accepted medical practice by failing to determine that she had previously undergone surgery to remove her gallbladder, and that these departures resulted in her undergoing unnecessary gallbladder removal surgery. The defendant Rajashree Patil, the defendants Lance U. Jung and Staten Island Physician's Practice (hereinafter SIPP), and the defendant Oleg Opsha separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated April 7, 2017, the Supreme Court granted the motions. The plaintiff appeals from so much of the order as granted those branches of the motions which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against Patil, Jung, SIPP, and Opsha.
A defendant seeking summary judgment in a medical malpractice action must establish, prima facie, that he or she did not depart from accepted standards of medical care or that his or her acts were not a proximate cause of any injury to the plaintiff (see Tsitrin v New York Community Hosp., 154 AD3d 994, 995; Stukas v Streiter, 83 AD3d 18, 24). "In response, it is the plaintiff's burden to raise a triable issue of fact 'regarding the element or elements on which the defendant has made its prima facie showing'" (Tsitrin v New York Community Hosp., 154 AD3d at 995, quoting Feuer v Ng, 136 AD3d 704, 706; see Stukas v Streiter, 83 AD3d at 24).
Here, Patil, an internist who treated the plaintiff while employed by SIPP, established her prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against her by submitting the affirmation of her expert. Patil demonstrated that her diagnosis and treatment of the plaintiff, which she based upon the plaintiff's clinical presentation and self-reported medical history, was in accordance with accepted standards of medical practice. She did not, however, establish, prima facie, that her claimed departures were not a proximate cause of the plaintiff's injuries. On this element, her expert's affirmation in support of her motion was entirely conclusory. Consequently, to defeat her motion, the plaintiff was required only to demonstrate that there was a triable issue of fact as to departure (see Stukas v Streiter, 83 AD3d at 30).
In opposition, the plaintiff raised a triable issue of fact as to whether Patil departed from the accepted standard of care and, therefore, as to the vicarious liability of SIPP, through the submission of an expert affirmation of a physician who specialized in cardiology and internal medicine. The plaintiff's expert opined that Patil departed from the accepted standard of care and contributed to the plaintiff's injuries by failing to review the plaintiff's medical records maintained by SIPP, which indicated that the plaintiff previously had her gallbladder removed. The experts' disagreement presented an issue of credibility, and issues of credibility are properly left to a jury for resolution (see B.G. v Cabbad, 172 AD3d 686, 688; Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624). Accordingly, the Supreme Court should have denied that branch of Patil's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against her.
With regard to Jung, a surgeon at SIPP who performed the subject surgery on the plaintiff on May 13, 2014, the Supreme Court improperly granted those branches of Jung and SIPP's motion which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against them because these defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In her supplemental verified bill of particulars, the plaintiff alleged, among other things, that Jung committed a departure by "failing to be aware of [her] full surgical history" and "negligently and unnecessarily performing" the May 13, 2014 surgery. At his deposition, Jung testified that, before the surgery, he was not aware that the plaintiff had a previous cholecystectomy and became aware that "[t]here was no gallbladder" during the May 13, 2014 surgery. He admitted that he "looked at" Patil's notes and reviewed the ultrasound report. Further, although he had access to SIPP medical records, he did not recall if he reviewed the plaintiff's medical chart prior to the surgery, but "might have looked at something." Jung admitted that, other than the primary care physician's report and the radiological report, it was "not routine" for him to "look into other documents and charts for a patient."
In support of their motion, Jung and SIPP submitted the affirmation of their counsel who made reference to and attached therewith the plaintiff's certified medical records of SIPP. These records included, inter alia, an entry dated September 13, 2011, by a nurse practitioner at SIPP, stating "Hx of cholecystectomy" and "scar mid upper abd, RUQ from lap cholecystectomy."
In addition, these defendants proffered the affirmation of their expert, who opined that Jung was entitled to rely upon the history provided to him by Patil and the plaintiff, as well as the ultrasound report. This expert opined that Jung's assessment of the plaintiff properly "included a review of her documented medical and surgical history." The expert added that there was no "indication" for Jung "to obtain medical records from a source outside of SIPP or review additional records" prior to performing the subject surgery. Notably, the submissions proffered by Jung and [*2]SIPP in support of their motion failed to eliminate triable issues of fact as to whether Jung departed from good and accepted medical practice in failing to review the plaintiff's documented medical and surgical history relating to the prior cholecystectomy, as contained in SIPP's own records (see Ortiz v Chendrasekhar, 154 AD3d 867, 869).
With regard to Opsha, a radiologist, Opsha failed to establish, prima facie, that he did not depart from the accepted standards of care in interpreting a sonogram performed on the plaintiff. Opsha's report stated "Gallbladder packed with stones. No sonographic Murphy's sign." Opsha's expert failed to explain the basis for his conclusion as to how Opsha detected a gallbladder in his review of the ultrasound and made findings in his report regarding the plaintiff's gallbladder when that organ had been removed years earlier (see Stiso v Berlin, 176 AD3d 888, 890).
In light of the failure of Jung, SIPP, and Opsha to establish prima facie entitlement to judgment as a matter of law, those branches of their motions which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against each of them should have been denied, regardless of the sufficiency of the plaintiff's submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court