Moody v Hmoud (2021 NY Slip Op 01762)





Moody v Hmoud


2021 NY Slip Op 01762


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-06546
2017-06547
2017-09705
 (Index No. 7226/13)

[*1]Mykel Lavar Moody, etc., et al., appellants,
v
Talat Hmoud, etc., et al., respondents, et al., defendants.


Law Offices of Murrell & Associates, LLC, New Windsor, NY (Patricia L. Murrell of counsel), for appellants.
O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondent Talat Hmoud.
Steinberg, Symer & Platt, LLP, Poughkeepsie, NY (Carol C. Poles of counsel), for respondent Bon Secours Community Hospital.
Feldman, Kleidman, Coffey, Sappe & Regenbaum LLP, Fishkill, NY (Marsha S. Weiss of counsel), for respondents Elizabeth George, Rocco Bassora, Jack Carleton, Syed Hussain, Guillermo Uy, Firas Hamdi, Tal Ronen, and Crystal Run Healthcare.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Ari I. Bauer of counsel), for respondent Orange Regional Medical Center.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated May 16, 2017, (2) stated portions of an order of the same court, also dated May 16, 2017, and (3) an order of the same court dated July 19, 2017. The first order dated May 16, 2017, granted the separate motions of the defendant Talat Hmoud and the defendant Bon Secours Community Hospital for summary judgment dismissing the amended complaint insofar as asserted against each of them. The second order dated May 16, 2017, insofar as appealed from, granted that branch of the motion of the defendants Elizabeth George, Rocco Bassora, Jack Carleton, Syed Hussain, Guillermo Uy, Firas Hamdi, Tal Ronen, and Crystal Run Healthcare which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants Rocco Bassora, Jack Carleton, Syed Hussain, Guillermo Uy, Firas Hamdi, and Tal Ronen. The order dated July 19, 2017, granted the separate applications of the defendant Elizabeth George, the defendant Crystal Run Healthcare, and the defendant Orange Regional Medical Center to dismiss the amended complaint insofar as asserted against each of them, in effect, for the plaintiffs' failure to comply with CPLR 3101(d)(1)(i).
ORDERED that on the Court's own motion, the notice of appeal from the order dated July 19, 2017, is deemed to be an application for leave to appeal, and leave to appeal is granted (see [*2]CPLR 5701[c]); and it is further,
ORDERED that the first order dated May 16, 2017, and the order dated July 19, 2017, are affirmed; and it is further,
ORDERED that the second order dated May 16, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In April 2011, Renee Moody (hereinafter the decedent) was injured when a wooden deck collapsed beneath her, causing her leg to become wedged in the broken wood. The decedent was transported to the defendant Bon Secours Community Hospital (hereinafter BSCH), where her injured leg was treated by, among others, the defendant Talat Hmoud. Over the next four months, the decedent's health steadily worsened, and she was treated on numerous occasions by doctors at the defendants Crystal Run Healthcare (hereinafter CRHC) and Orange Regional Medical Center (hereinafter ORMC), including the defendant Elizabeth George, for pain in the decedent's leg, various infections, and other maladies. On August 27, 2011, the decedent died due to complications from renal failure, cardiovascular disease, and diabetes.
In April 2013, the plaintiffs commenced this action against, among others, Hmoud, George, CRHC, BSCH, and ORMC, alleging that the defendants deviated from the standard of care in the treatment of the decedent's injured leg and subsequent complications. In 2014, the plaintiffs filed an amended complaint adding as defendants Rocco Bassora, Jack Carleton, Syed Hussain, Guillermo Uy, Firas Hamdi, and Tal Ronen (hereinafter collectively the CRHC doctors). Thereafter, Hmoud, BSCH, and ORMC separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them, while CRHC, George, and the CRHC doctors together moved for the same relief.
In an order dated May 16, 2017, the Supreme Court granted the motions of Hmoud and BSCH. In a separate order, also dated May 16, 2017, the court, among other things, granted that branch of the motion of CRHC, George, and the CRHC doctors which was for summary judgment dismissing the amended complaint insofar as asserted against the CRHC doctors. The court did not decide ORMC's motion for summary judgment. On June 8, 2017, George, CRHC, and ORMC made separate applications to dismiss the amended complaint insofar as asserted against each of them, in effect, for the plaintiffs' failure to serve expert disclosures pursuant to CPLR 3101(d)(1)(i). In an order dated July 19, 2017, the court granted those applications. The plaintiffs appeal.
"'A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries. In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements with respect to which the defendant has met its initial burden'" (Kiernan v Arevalo-Valencia, 184 AD3d 727, 728, quoting Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945-946). "Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d 954, 955 [citations omitted]).
Here, Hmoud and BSCH established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them by submitting the affidavits of their experts, who concluded, inter alia, that Hmoud and BSCH did not deviate from the applicable standards of care in their treatment of the decedent, and their treatment did not proximately cause her subsequent complications or her death (see Castillo v Surasi, 181 AD3d 786, 788). Contrary to the plaintiffs' contention, the affidavits of their expert submitted in opposition to those defendants' motions was speculative, conclusory, and insufficient to raise a triable issue of fact (see Wagner v Parker, 172 AD3d at 955; Prunty v Pastula, 171 AD3d 1110, [*3]1112).
The CRHC doctors established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them by their submissions, which demonstrated that the relevant statute of limitations had expired prior to the plaintiffs filing the amended summons and complaint which added them as defendants (see CPLR 214-a; EPTL 5-4.1). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the Supreme Court's previous denial of the CRHC doctors' motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them on the ground that the motion was untimely did not bar the CRHC doctors from moving for summary judgment on the ground that the plaintiffs' claims were barred by the statute of limitations (see Bennett v Hucke, 64 AD3d 529, 530; Bowes v Healy, 40 AD3d 566, 566; Diaz v DiGiulio, 29 AD3d 623, 623). Additionally, since the CRHC doctors amended their answer to assert an affirmative defense based on the statute of limitations, they did not waive that defense (see GMAC Mtge., LLC v Coombs, 191 AD3d 37).
"CPLR 3101(d)(1)(i) requires a party to disclose his or her expert witness and certain expert information when served with a proper demand, but does not require a response at any particular time or 'mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute'" (Mazzurco v Gordon, 173 AD3d 1001, 1002, quoting Rowan v Cross County Ski & Skate, Inc., 42 AD3d 563, 564). "Trial courts are vested with broad discretion 'in making determinations concerning matters of disclosure,' including imposing a penalty on a party for its failure to comply with CPLR 3101(d)(1)(i)" (Mazzurco v Gordon, 173 AD3d at 1002, quoting Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 209).
Here, the plaintiffs were aware of the date of the trial almost a year in advance, yet failed to guarantee the availability of their expert and serve expert disclosures. The plaintiffs failed to respond to the defendants' multiple demands for expert disclosure and failed to comply with the Supreme Court's order directing the plaintiffs to respond to the defendants' demands. Finally, the plaintiffs admitted to the court a week before the anticipated start of the trial that they did not have any experts retained or ready to testify and had not completed expert disclosures. The court therefore providently exercised its discretion in granting the separate applications of George, CRHC, and ORMC to dismiss the amended complaint insofar as asserted against each of them for the plaintiffs' failure to serve expert disclosures pursuant to CPLR 3101(d)(1)(i) and to be ready to proceed to trial with an expert (see Geffner v Mercy Med. Ctr., 167 AD3d 571, 573; Swezey v Montague Rehab & Pain Mgt., P.C., 84 AD3d 779, 780; Reid v Rye Ridge Orthopedic Assoc., 268 AD2d 574, 574).
The parties' remaining contentions are either academic in light of our determination or without merit.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court