Williams v Light (2021 NY Slip Op 04510)





Williams v Light


2021 NY Slip Op 04510


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-05076
 (Index No. 712546/15)

[*1]Michael Williams, respondent, 
v
Ronald Light, etc., appellant.


Connick, Myers, Haas & McNamee, PLLC, Mineola, NY (Taryn M. Fitzgerald of counsel), for appellant.
Becker & D'Agostino, P.C., New York, NY (Michael D. D'Agostino of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 24, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On August 21, 2014, the plaintiff underwent total left hip replacement surgery, which was performed by the defendant at Long Island Jewish Hospital. In late 2015, the plaintiff commenced this action against the defendant to recover damages for medical malpractice and lack of informed consent. The plaintiff alleges, inter alia, that he sustained left femoral nerve damage as a result of the defendant's negligence during the surgery. After discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. The Supreme Court denied the motion. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice. "Medical malpractice actions require proof that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation . . . was a proximate cause of the plaintiff's injuries" (Valerio v Liberty Behavioral Mgt. Corp., 188 AD3d 948, 950 [internal quotation marks omitted]). "Thus, in moving for summary judgment, a physician defendant must establish, prima facie, 'either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries'" (Mehtvin v Ravi, 180 AD3d 661, 662, quoting Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960; see Ruiz v Opsha, 192 AD3d 1055). Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact "'regarding the element or elements on which the defendant has made its prima facie showing'" (Ruiz v Opsha, 192 AD3d at 1056, quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 995 [internal quotation marks omitted]).
Here, the defendant established, prima facie, his entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice. The defendant submitted the [*2]expert affirmation of a board-certified orthopedic surgeon, who opined that the defendant performed the surgery in accordance with good and accepted standards of medical practice and, in any event, that a departure from such standards was not the cause of the plaintiff's injuries (see Mehtvin v Ravi, 180 AD3d at 662). In opposition to this prima facie showing, the plaintiff raised triable issues of fact. The plaintiff's expert, also a board-certified orthopedic surgeon, opined that the defendant departed from the standard of care during the surgery, causing an injury to the plaintiff's femoral nerve as a result of procedures used during the surgery (see Lefkowitz v Kelly, 170 AD3d 1148, 1150). "'Summary judgment is not appropriate in a medical malpractice action where, as here, the parties adduce conflicting medical expert opinions'" (Joynes v Donatelli, 190 AD3d 845, 847, quoting Castillo v Surasi, 181 AD3d 786, 789; see Kovacic v Griffin, 170 AD3d 1143, 1144). "Such credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519).
Further, contrary to the defendant's contention, the Supreme Court properly considered the affidavit of the plaintiff's expert, notwithstanding that it was sworn to and notarized in Maryland and was not accompanied by a certificate of conformity as required by CPLR 2309(c). Such a defect is not fatal and no substantial right of the defendant was prejudiced by disregarding it (see CPLR 2001; Christiana Trust v McCobb, 187 AD3d 981, 983; Seiden v Sonstein, 127 AD3d 1158, 1161-1162; Rivers v Birnbaum, 102 AD3d 26, 44).
However, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent. The defendant established, prima facie, his entitlement to judgment as a matter of law dismissing that cause of action. The defendant's deposition testimony, the plaintiff's medical records, the affirmation of the defendant's expert, and the written consent form signed by the plaintiff, demonstrated that the defendant disclosed to the plaintiff the risks, benefits, and alternatives to the surgery (see Larcy v Kamler, 185 AD3d 564, 565-566; Wright v Morning Star Ambulette Servs., Inc., 170 AD3d 1249, 1251). In opposition, the plaintiff failed to raise a triable issue of fact as he did not address or specifically oppose that branch of the defendant's motion.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court