Jean-Paul v Jamaica Hosp. Med. Ctr. (2022 NY Slip Op 04794)

Jean-Paul v Jamaica Hosp. Med. Ctr.

2022 NY Slip Op 04794

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11413
 (Index No. 706025/17)

[*1]Ennanuel Junior Jean-Paul, appellant,
v
Jamaica Hospital Medical Center, et al., respondents, et al, defendants.

Karasik Law Group, P.C., Brooklyn, NY (Alexander Karasik of counsel), for appellant.
Martin Clearwater & Bell LLP, East Meadow, NY (Gregory Cascino and Karen B. Corbett of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered September 11, 2019. The order granted the motion of the defendants Jamaica Hospital Medical Center, Jamaica Hospital Medical Center Department of Ambulatory Care, and Jamaica Hospital Medical Center Department of Rehabilitation for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff sustained two gunshot wounds to his right arm on September 3, 2016, resulting in loss of sensation to the fourth and fifth digits (the ring and pinky fingers) of his right hand. The plaintiff was treated for his injuries at the defendant Jamaica Hospital Medical Center (hereinafter JHMC), and as part of his treatment was referred to occupational therapy. The plaintiff underwent an occupational therapy consultation at JHMC's outpatient clinic on February 6, 2017, where a therapy plan was prepared, which included the use of heat and cold pack therapy two times per week for eight weeks.
The plaintiff alleged that during his first occupational therapy appointment on February 23, 2017, the occupational therapist, who was aware that the plaintiff had diminished sensation in the pinky and ring fingers of his right hand, covered the plaintiff's entire hand with a hot pack, set a timer for eight minutes, and left the room to prepare a splint for the plaintiff. When the timer went off, the therapist inspected the plaintiff's hand, placed it back in the hot pack, and set the timer for another seven minutes. The occupational therapist then left and continued working on the splint. After the second timer went off, the therapist removed the hot pack. The plaintiff testified at his deposition that he noticed a blister on the tip of his pinky finger when trying on the splint and brought it to the therapist's attention during the appointment. He further testified that the therapist told him the blister was caused by the pressure of the brace and instructed him to monitor the blister and return if it worsened. The plaintiff alleged that he went to the JHMC emergency room on February 24, 2017, regarding his finger, and although he was examined, he did not receive any [*2]treatments or medications. He further alleged that the blister burst on March 2, 2017, and he again went to the JHMC emergency room, where an examination revealed a ruptured blister on his right pinky finger, which was assessed as a second degree burn and post rupture laceration. The plaintiff was eventually diagnosed with necrosis of the finger.
In May 2017, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, JHMC and the defendants Jamaica Hospital Medical Center Department of Ambulatory Care and Jamaica Hospital Medical Center Department of Rehabilitation (hereinafter collectively the defendants). Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. By order entered September 11, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting, among other things, an affidavit of their expert who opined, inter alia, that under the circumstances, the hot pack could not have caused the plaintiff to sustain a burn to only the tip of his pinky finger, and that even accepting the plaintiff's version of events as true, the defendants, including the therapist, did not depart from the standard of care in treating and diagnosing the plaintiff's finger (see Stukas v Streiter, 83 AD3d 18, 23-24). Contrary to the plaintiff's contention, the defendants' expert was qualified to opine on the cause, care, and treatment of blisters and burns (see Joynes v Donatelli, 190 AD3d 845, 847; Kiernan v Arevalo-Valencia, 184 AD3d 727, 729; cf. Roizman v Stromer, 185 AD3d 978, 982; DiLorenzo v Zaso, 148 AD3d 1111, 1112-1113).
In opposition, the plaintiff failed to raise a triable issue of fact, as the plaintiff failed to submit an expert affidavit (see Cohen v Lebgutt Realty, LLC, 158 AD3d 740, 741; Koster v Davenport, 142 AD3d 966, 969). Contrary to the plaintiff's contention, his allegations that the occupational therapist failed to exercise a heightened level of care to avoid burns, properly supervise the therapy session, or provide the plaintiff with instructions for burn care sound in medical malpractice, not ordinary negligence. Because the plaintiff challenged the occupational therapist's assessment of the plaintiff's supervisory needs during his physical therapy session, the conduct at issue derived from the duty owed to the plaintiff as a result of the physical therapist-patient relationship and was substantially related to his medical treatment (see Weiner v Lenox Hill Hosp., 88 NY2d 784, 788; Scott v Uljanov, 74 NY2d 673, 674-675; Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1339-1340; Cohen v Lebgutt Realty, LLC, 158 AD3d at 741; Estate of Bell v WSNCHS N., Inc., 153 AD3d 498, 499). Further, the affirmation of his attorney "failed to raise an issue of fact because it was not made on the basis of personal knowledge of the facts and was not supported by any evidence" (Delgado v City of New York, 179 AD3d 454, 455).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court