## Voorhies Terrace Owners Corp. v State Realty LLC

2024 NY Slip Op 31155(U)

April 4, 2024

Supreme Court, Kings County

Docket Number: Index No. 515154/2018

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
-----------------------------------------x
VOORHIES TERRACE OWNERS CORP.,

                                    Plaintiff,          Decision and order

        - against -                                 Index No. 515154/2018

STATE REALTY LLC,

                                    Defendant,          April 4, 2024
-----------------------------------------x
PRESENT: HON. LEON RUCHELSMAN               Motion Seq. #2 & #3


        The defendant has moved pursuant to CPLR §3212 seeking

summary judgement dismissing the complaint and granting judgement

upon the first counterclaim.  The plaintiff has cross-moved,

likewise, seeking summary judgement.  The motions have been

opposed respectively.  Papers have been submitted by the parties

and arguments held.  After reviewing all the arguments this court

now makes the following determination.

        The plaintiff, Voorhies, is the owner and manager of a

cooperative housing corporation with one hundred and five

apartments located at 2330 Voorhies Avenue in Kings County.  The

defendant is the owner of seventeen apartments and 2,210 shares

since 2000.  Specifically, the defendant purchased ten apartments

from SAJL Realty, LLC, namely, apartments 1A, 2A, 5B, 6B, 4I, 3J,

4J, 5M, 6M and 4N  and seven apartments from Ziegelman Joint

Venture IX, namely, 4C, 5D, 2I, 5L, 2N, 3P and 6E, predecessor

owners of such apartments.  Exhibit 2 of the contract contained

the number of unsold shares that correlated to each of the

seventeen apartments.  Thus, there is no dispute the defendant

[*1]

purchased the seventeen apartments. In January 2001 the plaintiff and defendant entered into an agreement which stated that "the Corporation recognizes SR as a holder of unsold shares described In the Corporation's cooperative offering plan and proprietary lease with regard to the shares of stock allocated to the Apartments, subject to the additional obligations and agreements set forth herein" (see, Agreement, ¶3 [NYSCEF Doc. No. 69]).

The plaintiff argues that even though the defendant purchased the seventeen apartments and even though the 24th amendment to the operating agreement, dated August 8, 1990, lists the unsold shares which correspond to the same seventeen apartments purchased by the defendant, the owners of those shares are not the same as the sellers of the apartments to the defendant. Further, the plaintiff argues the agreement is not binding. Consequently, the plaintiff insists there is no evidence the defendant is the owner of any unsold shares. The defendant opposes the motion and also moves seeking summary judgement dismissing the complaint on various grounds, including the statute of limitations, and seeks a determination they are the lawful owner of the unsold shares.

Conclusions of Law

Where the material facts at issue in a case are in dispute

2

[*2]

summary judgment cannot be granted (<u>Zuckerman v. City of New York</u>, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (<u>Marino v. Jamison</u>, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

These causes of action first arose in 2001 when an agreement was entered into between the parties regarding unsold shares. The plaintiff, however, instituted this lawsuit in 2018 well beyond any statute of limitations. The plaintiff argues that pursuant to a no-waiver clause contained in the proprietary lease the action is timely. Paragraph 26 of the proprietary lease states that "the failure of the Lessor to insist, in any one or more instances, upon a strict performance of any of the provisions of this Lease, or to exercise any right or option herein contained, or to serve any notice, or to institute any action or proceeding, shall not be construed as a waiver or a relinquishment for the future of any such provisions, options or rights, but such provision, option or right shall continue and remain in full force and effect" (<u>see</u>, Proprietary Lease, ¶26 [NYSCEF Doc. No. 132]).

While no-waiver clauses are generally enforceable (<u>see</u>, <u>Awards.com LLC v. Kinko's Inc.</u>, 42 AD3d 178, 834 NYS2d 147 [1st

[* 3]

Dept., 2007]) they specifically relate to the contents of the agreement. Thus, in this case the clause states that the lessor does not waive "any provisions of this lease" or any right or option "herein contained" within the lease. The rights or options that are not waived include the right to commence any lawsuits. However, that right merely expressed that no previous waiver could be asserted as a defense to any lawsuit filed. As the court noted in Rotblut v. 150 East 77th Street Corp., 79 AD3d 532, 914 NYS2d 22 [1st Dept., 2010] "in light of the 'no waiver' provision of the proprietary lease, plaintiffs failed to demonstrate that defendant waived its right to declare that plaintiffs were not holders of unsold shares by agreeing that consent to certain acts was not required or that certain fees need not be paid" (id). Therefore, no action taken by the plaintiff would bar any subsequent ability seeking to adjudicate the issue of unsold shares or any other issue. However, the no-waiver clause, did not and could not, waive the plaintiff's obligation to comply with any relevant statute of limitations. The statute of limitations is an affirmative defense which must be raised by the defendant or is waived (Moody v. Hmoud, 192 AD3d 1007, 146 NYS3d 149 [2d Dept., 2021]). The second affirmative defense contained in the answer asserts the action is barred by the statute of limitations (see, Answer to Verified Complaint with Counterclaims, ¶17 [NYSCEF Doc. No. 3]). Thus, the defense

4

[*4]

of statute of limitations was not waived by the defendant. As noted, no clause in an agreement between two parties can alter the time for filing causes of action as outlined in the CPLR. The plaintiff is essentially arguing that a no-waiver clause preempts the defendant's ability to assert any affirmative defenses and especially the defense of the statute of limitations. However, the no-waiver clause only acts to permit the plaintiff to take any action despite the waiver of any rights. The clause does not impose upon the defendant the inability to assert any defenses it may possess. Therefore, the no-waiver clause cannot possibly allow the lawsuit to proceed in light of a legitimate, and really unopposed, statute of limitations defense.

Therefore, the defendant's motion seeking summary judgement dismissing the entire lawsuit is granted. Further, the defendant's request seeking a determination they are the owners of the unsold shares is granted. The plaintiff's motion seeking summary judgement and a determination the defendant is not the owner of any unsold shares is denied.

So ordered.

ENTER:

DATED: April 4, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

5