Gordon v Zeitlin (2024 NY Slip Op 04458)

Gordon v Zeitlin

2024 NY Slip Op 04458

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2023-01051
 (Index No. 527399/19)

[*1]Sarah Gordon, respondent, 
v
Robert Zeitlin, etc., appellant.

Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Michelle C. Acosta of counsel), for appellant.
Friedman Sanchez, LLP, Brooklyn, NY (Andrew M. Friedman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated January 18, 2023. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was based upon allegations of negligence in the defendant's attempt to remove the plaintiff's tooth #1.
ORDERED that the order is affirmed insofar as appealed from, with costs.
During an extraction by the defendant of the plaintiff's right upper wisdom tooth (hereinafter tooth #1), tooth #1 moved upward into the plaintiff's skull. Thereafter, the plaintiff went to the hospital for additional surgery to complete the removal of tooth #1. The plaintiff commenced this action to recover damages for medical malpractice relating to surgical treatment by the defendant with respect to four of the plaintiff's teeth.
The defendant moved for summary judgment dismissing the complaint. In an order dated January 18, 2023, the Supreme Court granted the motion as to three of the plaintiff's teeth, but denied the motion with respect to tooth #1. The defendant appeals from so much of the order as denied that branch of his motion which was for summary judgment dismissing so much of the complaint as was based upon allegations of negligence in the defendant's attempt to remove tooth #1.
"'A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries. In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements with respect to which the defendant has met its initial burden'" (Joynes v Donatelli, 190 AD3d 845, 846, quoting Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945-946; see Corujo v Caputo, 224 AD3d 729, 730). "'A medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field; however, the expert must be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable'" (Joynes v Donatelli, 190 AD3d at 846, quoting Kiernan v Arevalo-Valencia, 184 AD3d 727, 729; see Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 795).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as was based upon allegations of negligence in the defendant's attempt to remove tooth #1 through the affirmation of his expert, a maxillofacial and oral surgeon. The expert concluded, inter alia, that the defendant did not depart from the accepted standard of care (see Corujo v Caputo, 224 AD3d at 731; Joynes v Donatelli, 190 AD3d at 846).
In opposition, however, the plaintiff raised a triable issue of fact as to the allegations in the complaint with respect to tooth #1. The plaintiff submitted an expert affidavit of a periodontist which contradicted the conclusions of the defendant's expert that the defendant did not depart from the accepted standard of care. The plaintiff's expert opined within a reasonable degree of medical certainty that tooth #1 could not have become dislodged as it did in the absence of the defendant's departure from the accepted standard of care.
Contrary to the defendant's contention, the affidavit of the plaintiff's expert sufficiently laid a foundation for the expert's opinions and demonstrated that he has the "requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Zabary v North Shore Hosp. in Plainview, 190 AD3d at 795 [internal quotation marks omitted]; see Maestri v Pasha, 198 AD3d 632, 634-635). Any lack of skill or expertise that the plaintiff's expert may have goes to the weight of his opinion as evidence and not its admissibility (see Lesniak v Huang, 186 AD3d 1512, 1513; Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was based upon allegations of negligence in the defendant's attempt to remove tooth #1.
DILLON, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court