■ KEITH ERBSTEIN, as Executor of EDNA CONNOR, Deceased, Respondent, v PONAS SAVASATIT, Appellant, et al., Defendants. [711 NYS2d 458] —In an action, *inter alia,* to recover damages for personal injuries and wrongful death, the defendant Ponas Savasatit appeals from an order of the Supreme Court, Queens County (Milano, J.), dated February 17, 1999, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the plaintiff's cause of action based on wrongful death and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The present action was commenced as a result of the death of the plaintiff's decedent following abdominal surgery performed by the appellant. The appellant moved for summary judgment, submitting an expert affidavit from a general surgeon, which stated that he did not deviate from good and accepted standards of medical practice in his treatment of the decedent. The plaintiff responded with an expert affidavit from a pathologist. The Supreme Court denied the defendant's motion finding that the affidavits from the experts had raised a triable issue of fact as to whether the defendant had departed from the proper standards of medical care.

The appellant's contention that the plaintiff's expert was unqualified to give an expert opinion on the standard of care of a general surgeon merely because he was a pathologist is without merit. The supplemental affidavit submitted by the plaintiff's expert sufficiently established his qualifications as a medical expert and his familiarity with the standards of care applicable to surgeons. Once a medical expert has established his or her knowledge of the relevant standards of care, he need not be a specialist in the particular area at issue to offer an opinion. Any lack of skill or expertise goes to the weight of his or her opinion as evidence, not its admissibility (*see, Adamy v Ziriakus,* 92 NY2d 396; *Julien v Physician's Hosp.,* 231 AD2d 678, 680; *Ariola v Long,* 197 AD2d 605).

The appellant's further contention that the affidavit of the

plaintiff's expert was insufficient to raise a triable issue of fact is equally without merit. It is well settled that an expert's opinion must be based on facts in the record or personally known to the witness, and that the expert may not assume facts not supported by the evidence in order to reach his or her conclusion (*see, Cassano v Hagstrom,* 5 NY2d 643, 646; *Tucker v Elimelech,* 184 AD2d 636, 637). The expert's opinion taken as a whole must reflect an acceptable level of certainty in order to be admissible (*see, Matott v Ward,* 48 NY2d 455, 459-460; *Gross v Friedman,* 138 AD2d 571, *affd* 73 NY2d 721).

Here, the affidavit of the plaintiff's expert was neither so conclusory or speculative, nor without basis in the record, as to render it inadmissible. Any purported shortcomings in the affidavit went merely to the weight of the opinion.

We agree, however, with the appellant's contention that the cause of action based on wrongful death should have been dismissed insofar as asserted against him. EPTL 5-4.3 (a) provides that a plaintiff may recover for "pecuniary injuries" resulting from a decedent's death, including any funeral expenses paid by the distributees (*see,* EPTL 5-4.3 [a]). No damages may be awarded for grief or lost companionship (*see, Gonzalez v New York City Hous. Auth.,* 77 NY2d 663, 667). In the case at bar, the decedent's estate paid the funeral expenses. Therefore the funeral expenses are properly recoverable under the cause of action to recover damages for personal injuries (*see,* EPTL 11-3.3 [a]). The record establishes that the decedent did not provide either services or support to anyone, and the plaintiff has failed to raise a triable issue that the decedent made regular gifts to any person. Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.