■ Josephine Dandrea, Respondent, v Howard M. Hertz et al., Appellants. [804 NYS2d 106]—

In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 9, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of establishing their entitlement to summary judgment by adducing expert opinion evidence that they did not deviate from good and accepted medical practice in their treatment of the plaintiff's decedent (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). However, the affidavit of the plaintiff's medical expert estab-

lished the existence of triable issues of fact, including whether the defendants were negligent in failing to order another chest X ray before February 2000 in light of the decedent's history and symptoms. Summary judgment may not be awarded in a medical malpractice action where the parties offer conflicting expert opinions, which present a credibility question requiring a jury's resolution (*see Shields v Baktidy*, 11 AD3d 671, 672 [2004]; *Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623 [2003]; *Fotinas v Westchester County Med. Ctr.*, 300 AD2d 437 [2002]; *Halkias v Otolaryngology-Facial Plastic Surgery Assoc.*, 282 AD2d 650 [2001]). Moreover, contrary to the defendants' contentions, the opinions of the plaintiff's expert were based upon facts in evidence, and were not conclusory or otherwise insufficient (*see Shields v Baktidy, supra*). Therefore, the Supreme Court correctly denied the defendants' motion for summary judgment dismissing the complaint. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.