■ STEVEN ESPINAL, Respondent, v JAMAICA HOSPITAL MEDICAL CENTER et al., Appellants, et al., Defendants. [896 NYS2d 429]—

In an action to recover damages for personal injuries, the defendants Jamaica Hospital Medical Center and Roger Torres appeal from an order of the Supreme Court, Kings County (Rosenberg, J.), dated April 8, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff sustained serious head injuries in a motorcycle accident, and was hospitalized for more than two months. During his hospitalization, the plaintiff developed hydrocephalus, an accumulation of fluid in the brain, which allegedly exacerbated the injuries he had sustained in the accident. The plaintiff subsequently commenced this action against several parties, including the appellants Jamaica Hospital Medical Center and Frank Torres, a hospital security guard, claiming, inter alia, that he had developed hydrocephalus as a result of being assaulted or improperly restrained by Torres. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them, relying upon the expert affidavit of a board-certified neurologist who attributed the plaintiff's development of hydrocephalus solely to the serious head injuries he had sustained in the accident. In opposition, the plaintiff submitted an affidavit from his treating neurologist, who concluded that hydrocephalus could have developed as a result of the reported assault and aggravated the plaintiff's preexisting brain injuries. The Supreme Court denied the appellants' motion, finding that the conflicting expert opinions raised a triable issue of fact as to whether the plaintiff's hydrocephalus was caused by the alleged assault. We agree.

The appellants' contention that the plaintiff's expert was unqualified to give an expert opinion because the plaintiff did not provide evidence of his credentials is without merit. The plaintiff's expert established his qualifications by attaching a curriculum vitae demonstrating that he was a board-certified neurologist (*see Winney v County of Saratoga*, 8 AD3d 944, 945 [2004]). In any event, the expert's alleged lack of experience is a factor which goes to the weight to be given to his opinion, and not to its admissibility (*see Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831 [2005]; *Julien v Physician's Hosp.*, 231 AD2d 678, 680 [1996]; *Ariola v Long*, 197 AD2d 605 [1993]).

Furthermore, the affidavit of the plaintiff's expert was sufficient to raise a triable issue of fact. "It is well settled that an expert's opinion must be based on facts in the record personally known to the witness, and that the expert may not assume facts not supported by the evidence in order to reach his or her conclusion" (*Erbstein v Savasatit*, 274 AD2d 445, 446 [2000]; *see Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]; *Plainview Water Dist. v Exxon Mobil Corp.*, 66 AD3d 754, 755 [2009]). The expert's opinion, taken as a whole, must also reflect an acceptable level of certainty in order to be admissible (*see Matott v Ward*, 48 NY2d 455, 459-460 [1979]; *Erbstein v Savasatit*, 274 AD2d at 446). Contrary to the appellants' contention, the affidavit of the plaintiff's expert was neither so conclusory or speculative, nor without basis in the record, as to render it inadmissible (*see Erbstein v Savasatit*, 274 AD2d at 446; *see also Dandrea v Hertz*, 23 AD3d 332, 333 [2005]). Rather, "[a]ny purported shortcomings in the affidavit went merely to the weight of the opinion" (*Erbstein v Savasatit*, 274 AD2d at 446). Since the parties offered conflicting expert opinions as to whether the alleged assault exacerbated the injuries the plaintiff sustained in the accident, a question of credibility arises which requires resolution by a jury (*see Colao v St. Vincent's Med. Ctr.*, 65 AD3d 660, 661 [2009]; *Dandrea v Hertz*, 23 AD3d at 333; *Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624 [2003]). Dillon, J.P., Miller, Eng and Roman, JJ., concur.