■ CHRISTINA G. BERGER et al., Respondents, v THEODORE HALE et al., Appellants. [916 NYS2d 831]—

In an action, inter alia, to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 9, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Theodore Hale.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Theodore Hale established his prima facie entitlement to judgment as a matter of law by adducing expert opinion evidence that he did not deviate from the relevant standards of practice (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs submitted an affidavit of an expert which was sufficient to raise triable issues of fact as to whether Hale departed from good and accepted medical practice (*see Adjetey v New York City Health & Hosps. Corp.*, 63 AD3d 865 [2009]; *Boutin v Bay Shore Family Health Ctr.*, 59 AD3d 368 [2009]). Summary judgment may not be awarded in a medical malpractice action where the parties adduce conflicting opinions of medical experts, which present a credibility question requiring a jury's resolution (*see Espinal v Jamaica Hosp. Med. Ctr.*, 71 AD3d 723 [2010]; *Dandrea v Hertz*, 23 AD3d 332 [2005]). Moreover, the opinions of the plaintiffs' expert were based upon facts in evidence, and were not conclusory or unsubstantiated (*see Keevan v Rifkin*, 41 AD3d 661 [2007]; *Shields v Baktidy*, 11 AD3d 671 [2004]). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Hale was properly denied. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.