In an action to recover damages for personal injuries, etc., (1) the defendants appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated December 6, 2011, which denied the motion of the defendant Department of Education of the City of New York for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Department of Education of the City of New York appeals, as limited by its brief, from so much of an order of the same court dated June 6, 2012, as, upon renewal, adhered to the original determination.
Ordered that the appeal from the order dated December 6, 2011, is dismissed; and it is further,
Ordered that the order dated June 6, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant Department of Education of the City of New York.
The appeal from the order dated December 6, 2011, must be dismissed, as that order was superseded by the order dated June 6, 2012, made upon renewal. Moreover, the appeal by the defendant Matt Gonzalez from the order dated December 6, 2011, must also be dismissed since he is not aggrieved thereby (see CPLR 5511).
*644 On October 17, 2005, the plaintiff Tatiana Lowe, while in her second trimester of pregnancy, allegedly fell during a touch football game in a high school physical education class. The plaintiffs commenced this action against the defendants Department of Education of the City of New York (hereinafter the Department) and Matt Gonzalez, the physical education teacher. The complaint alleged, among other things, that the defendants were negligent in requiring Lowe to participate in the touch football game, and that the fall caused preterm labor and delivery of the infant plaintiff, Timel Paris Mills, who sustained developmental deficits as a result of his premature birth.
After discovery, the Department moved for summary judgment dismissing the complaint insofar as asserted against it, contending that Lowe’s fall was not a proximate cause of the preterm labor and delivery. In an order dated December 6, 2011, the Supreme Court denied the motion. Subsequently, the Department, among other things, moved for leave to renew its prior motion. In an order dated June 6, 2012, the Supreme Court, inter alia, granted that branch of the Department’s motion which was for leave to renew and, upon renewal, adhered to its original determination.
The Supreme Court, upon renewal, properly adhered to its original determination denying the Department’s motion for summary judgment dismissing the complaint insofar as asserted against it. In support of the motion, the Department established its prima facie entitlement to judgment as a matter of law by demonstrating that Lowe’s fall during the physical education class was not a proximate cause of the preterm labor and delivery of the infant plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]; Dessources v Good Samaritan Hosp., 65 AD3d 1008, 1010 [2009]). However, the expert affirmations submitted by the plaintiffs in opposition to the Department’s motion raised a triable issue of fact as to whether the plaintiffs’ alleged injuries were proximately caused by Lowe’s fall. Contrary to the Department’s contention, the expert’s opinion was based upon evidence in the record, and was not conclusory or unsubstantiated (see Magel v John T. Mather Mem. Hosp., 95 AD3d 1081, 1083 [2012]; Berger v Hale, 81 AD3d 766, 766 [2011]; see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Romano v Stanley, 90 NY2d 444, 451-452 [1997]). Balkin, J.E, Leventhal, Cohen and Miller, JJ., concur.