■ Rosa Cummings, Respondent, v Brooklyn Hospital Center et al., Appellants. [48 NYS3d 420]—

In a consolidated action to recover damages for medical malpractice, the defendant Brooklyn Hospital Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated June 27, 2014, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Lenox Hill Hospital separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff's decedent was admitted to the defendant Brooklyn Hospital Center (hereinafter Brooklyn Hospital) in September 2006. She was characterized as having a "longstanding and extensive prior medical history" that included, among other things, congestive heart failure, cardiomyopathy, hypotension, diabetes, rheumatoid arthritis, a poor history of medication and treatment compliance, and having been bedbound since 2000. She was dependent on others for all activities of daily living, including turning in the bed and spoon-feeding of her meals. During her initial admission to Brooklyn Hospital, she developed what became a stage IV sacral decubitus ulcer. The ulcer appeared to grow and worsen

during five subsequent admissions to Brooklyn Hospital and two admissions to the defendant Lenox Hill Hospital (hereinafter Lenox Hill), all of which occurred between October 2006 and May 2007. The plaintiff's decedent died on February 10, 2008, at the Brooklyn Hospital. An autopsy report prepared at the request of her family by the Office of the New York City Medical Examiner documented her cause of death as "hypertensive and atherosclerotic cardiovascular disease," and lists the manner of death as "natural."

The plaintiff commenced separate actions sounding in medical malpractice and loss of society/companionship against Brooklyn Hospital and Lenox Hill, alleging that they failed to properly monitor and treat the plaintiff's decedent's numerous pressure ulcers. After the actions were consolidated, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In support of their motions, the defendants submitted, among other things, separate expert affirmations from expert physicians, in which those physicians opined that the plaintiff's decedent's comorbidities, and not the negligence of each of the defendants, respectively, proximately caused the plaintiff's decedent's injuries. In opposition, the plaintiff submitted, among other things, expert affirmations from an unnamed physician who disputed the defendants' experts' opinions, and opined with a reasonable degree of medical certainty that the defendants departed from the standard of care in treating the plaintiff's decedent's pressure ulcers, and that their departures proximately caused her injuries. The Supreme Court denied both defendants' motions, and the defendants separately appeal.

The defendants each established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them through the expert physicians' affirmations, wherein they opined with a reasonable degree of medical certainty that the defendants did not depart from the standard of care in their treatment of the plaintiff's decedent's pressure ulcers, and further opined that the plaintiff's decedent's pressure ulcers were "unavoidable" and caused by the plaintiff's decedent's numerous comorbidities (see Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 497 [2016], citing Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842 [2008]).

In opposition, the plaintiff raised a triable issue of fact by submitting an expert affirmation from a physician, who opined with a reasonable degree of medical certainty that the defendants departed from the accepted standard of care (see Alvarez v

*Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the defendants' contention, the plaintiff's expert was qualified to render an opinion on the standard of care for the plaintiff's decedent. The plaintiff's expert affirmed that she was "thoroughly familiar with the standards for the prevention and treatment of decubitus ulcers and skin ulcers existing for the dates of the admissions to the hospitals in this action" and supported her statements as to the standard of care applicable in this case with numerous medical journals and textbooks, excerpts from which were attached to her affirmation as exhibits. "Any lack of skill or expertise" that the plaintiff's expert may have had "goes to the weight of his or her opinion as evidence, not its admissibility" (*Erbstein v Savasatit*, 274 AD2d 445, 445 [2000]).

"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" because "[s]uch conflicting expert opinions will raise credibility issues which can only be resolved by a jury" (*DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012]). In light of the conflicting expert opinion submitted here, the Supreme Court properly denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Hall, J.P., Cohen, Barros and Connolly, JJ., concur.