Sheppard v Brookhaven Mem. Hosp. Med. Ctr. (2019 NY Slip Op 03097)





Sheppard v Brookhaven Mem. Hosp. Med. Ctr.


2019 NY Slip Op 03097


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-09284
 (Index No. 45087/10)

[*1]Jennifer Sheppard, appellant, 
v
Brookhaven Memorial Hospital Medical Center, respondent, et al., defendants.


Blangiardo & Blangiardo, Riverhead, NY (Frank J. Blangiardo of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated August 2, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Brookhaven Memorial Hospital Medical Center which was for summary judgment dismissing the first cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Brookhaven Memorial Hospital Medical Center which was for summary judgment dismissing the first cause of action is denied.
On June 16, 2008, the plaintiff presented at the emergency room of the defendant Brookhaven Memorial Hospital Medical Center (hereinafter Brookhaven) with complaints of numbness, nausea, and vomiting. Later that night, the plaintiff was admitted to the hospital. The plaintiff was medicated and various tests were performed the following day. Among other things, a CT scan of the plaintiff's head was performed at approximately 5:00 p.m. on June 17, 2008, and showed nothing remarkable. Around 10:00 that night, however, the plaintiff complained of headache and neck pain, and at approximately 8:25 the following morning, June 18, 2008, she was found in bed in a lethargic and unresponsive state. At 10:30 a.m., the attending neurologist ordered a "Stat CT/MRI of brain" to rule out a possible stroke. That test was performed at 2:09 p.m., and revealed a significant edema of the brain. The results were discussed with the neurologist at 3:30 p.m., and a neurosurgeon was contacted at approximately 4:10 p.m. to perform emergency surgery, which took place from 5:30 p.m. to 8:00 p.m. that day.
The plaintiff subsequently commenced this action. The first cause of action, asserted against Brookhaven, alleged a failure to timely diagnose and treat the plaintiff's condition, resulting in permanent injury. After the conclusion of discovery, Brookhaven moved, inter alia, for summary judgment dismissing the first cause of action. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries (see Roca v Perel, 51 AD3d 757, 758). In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars (see Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1045). If the defendant makes such a showing, the burden then shifts to the plaintiff to raise a triable issue of fact, but only as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18, 30).
Here, Brookhaven met its initial burden of demonstrating its entitlement to judgment as a matter of law dismissing the first cause of action by submitting an expert's affirmation establishing that the diagnostic testing and consultations performed by its personnel were, within a reasonable medical certainty, appropriate and within prevailing standards of practice. In opposition, however, the plaintiff's expert opined that the delay in performing and reviewing the second CT scan on June 18, 2008, constituted a departure from prevailing standards of care. Where, as here, the parties submit conflicting medical expert opinions, summary judgment is not appropriate (see Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 618; Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904).
Brookhaven's remaining contentions are without merit.
Accordingly, in light of the conflicting expert opinions, the Supreme Court should have denied that branch of Brookhaven's motion which was for summary judgment dismissing the first cause of action.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court