Lesniak v Huang (2020 NY Slip Op 05044)





Lesniak v Huang


2020 NY Slip Op 05044


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2017-09555
 (Index No. 12109/14)

[*1]Stanislaw Lesniak, et al., appellants, 
v
Edward Huang, etc., et al., defendants, Howard Lee, etc., respondent.


Okun, Oddo & Babat, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellants.
Rawle & Henderson, LLP, New York, NY (Stephen J. Levy of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered July 27, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Howard Lee which was for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Howard Lee which was for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him is denied.
The plaintiffs commenced this action, inter alia, to recover damages for dental malpractice relating to the assessment and treatment of the plaintiff Stanislaw Lesniak by the defendant Howard Lee (hereinafter the defendant) for an unknown condition. More than five months after Lesniak first presented to the defendant with symptoms, the condition was diagnosed by a nonparty oral and maxillofacial surgeon as actinomycosis, a rare bacterial infection.
The defendant moved, inter alia, for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him. The Supreme Court granted that branch of the motion, determining that the defendant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the dental malpractice cause of action insofar as asserted against him, and that the expert affirmation submitted by the plaintiffs in opposition lacked probative value because the plaintiffs' expert was not qualified to render an opinion as to the applicable standard of care. The plaintiffs appeal.
In support of the defendant's motion, the defendant's expert set forth his opinions based on both a reasonable degree of dental certainty and a reasonable degree of maxillofacial surgery certainty, without differentiating as to which, if any, of the opinions were based solely on the latter. In opposition, the affirmation of the plaintiffs' expert was sufficient to demonstrate his qualifications to render opinions as to the applicable standard of care and, under these circumstances, raised triable issues of fact as to whether the defendant deviated from that standard and whether any [*2]such deviation was a proximate cause of Lesniak's injuries (see M.C. v Huntington Hosp., 175 AD3d 578, 580; Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 676; Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d 723, 724; Erbstein v Savasatit, 274 AD2d 445, 445-446). "Any lack of skill or expertise that the plaintiff's expert may have had goes to the weight of his or her opinion as evidence, not its admissibility" (Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904 [internal quotation marks omitted]). The parties' conflicting expert opinions raised questions of credibility for the trier of fact (see Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d at 724).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the dental malpractice cause of action insofar as asserted against him.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court