Rodriguez v Bursztyn (2020 NY Slip Op 06162)





Rodriguez v Bursztyn


2020 NY Slip Op 06162


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-07463
 (Index No. 506739/14)

[*1]Junior Rodriguez, respondent,
v
Mark Bursztyn, etc., et al., appellants.


Gerspach Sikoscow LLP, New York, NY (Alexander Sikoscow and Kristen J. Halford of counsel), for appellants.
Levine & Grossman, Mineola, NY (Brian C. Lockhart of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated April 25, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging that a negligently performed surgery on his right shoulder necessitated a second surgery. The defendants moved for summary judgment dismissing the complaint. In an order dated April 25, 2018, the Supreme Court, among other things, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice. The defendants appeal.
"[A] defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby, and, in opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Stukas v Streiter, 83 AD3d 18, 24 [internal quotation marks omitted]). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" since "[s]uch credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519; see Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904; DiGeronimo v Fuchs, 101 AD3d 933, 936).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the affirmation of a medical expert, who opined that their treatment of the plaintiff did not depart from the accepted standard of care. However, in opposition, the plaintiff raised a triable issue of fact by submitting the affirmation of a medical expert, who opined that there was a departure from the requisite standard of care in the manner in which the surgery was performed since, inter alia, excessive labral tissue was removed. Since the parties adduced "conflicting medical expert opinions" and "[s]uch credibility issues can only be resolved by a jury," [*2]summary judgment was not appropriate (Feinberg v Feit, 23 AD3d at 519; see Cummings v Brooklyn Hosp. Ctr., 147 AD3d at 904).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court