Pistone v American Biltrite, Inc. (2021 NY Slip Op 03341)





Pistone v American Biltrite, Inc.


2021 NY Slip Op 03341


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-06602
 (Index No. 607637/15)

[*1]Victoria Pistone, et al., appellants, 
v
American Biltrite, Inc., etc., et al., respondents, et al., defendants (and third-party actions).


Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac, Kyle A. Shamberg, and Mark Bibro of counsel), for appellants.
Manning Gross + Massenburg LLP, New York, NY (Robert C. Creighton, John J. Kurowski, David J. Fisher, and Justin Reinhardt of counsel), for respondent American Biltrite, Inc.
Hawkins Parnell & Young, LLP, New York, NY (Erich J. Gleber of counsel), for respondent Mannington Mills, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered April 19, 2018. The order, insofar as appealed from, granted those branches of the separate motions of the defendants American Biltrite, Inc., and Mannington Mills, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants American Biltrite, Inc., and Mannington Mills, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff Victoria Pistone (hereinafter the plaintiff), and her husband suing derivatively, commenced this action against, among others, the defendants American Biltrite, Inc., and Mannington Mills, Inc. (hereinafter together the defendants), alleging that exposure to asbestos in the defendants' flooring products caused her to contract peritoneal mesothelioma. From approximately 1973 to 1981, the plaintiff's father worked cutting and installing floor products, including vinyl sheet flooring manufactured by Mannington Mills, Inc., and "Amtico" floor tiles manufactured by American Biltrite, Inc. As a child, the plaintiff accompanied her father to work sites where she helped him cut the products and swept up the resulting dust. The plaintiff was also exposed to this dust when she greeted her father after he returned home from work.
The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, based on a lack of causation. In an order entered April 19, 2018, the Supreme Court, among other things, granted those branches of the defendants' motions. The plaintiffs appeal.
"In toxic tort cases, an expert opinion on causation must set forth (1) a plaintiff's exposure to a toxin, (2) that the toxin is capable of causing the particular injuries plaintiff suffered [*2](general causation) and (3) that the plaintiff was exposed to sufficient levels of the toxin to cause such injuries (specific causation)" (Sean R. v BMW of N. Am., LLC, 26 NY3d 801, 809; see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 784; Parker v Mobil Oil Corp., 7 NY3d 434, 448). "[T]here must be evidence from which the factfinder can conclude that the plaintiff was exposed to levels of the agent that are known to cause the kind of harm that the plaintiff claims to have suffered" (Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 784 [internal quotation marks omitted]). "[I]t is not always necessary for a plaintiff to quantify exposure levels precisely or use the dose-response relationship, provided that whatever methods an expert uses to establish causation are generally accepted in the scientific community" (Parker v Mobil Oil Corp., 7 NY3d at 448; see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 784).
Here, the defendants each established their prima facie entitlement to judgment as a matter of law through the affidavits of their experts, who opined that chrysotile asbestos, and particularly the chrysotile asbestos found in their flooring products, is not capable of causing peritoneal mesothelioma, and that the plaintiff's maximum asbestos exposure from work around their products was below a safe threshold. However, in opposition, the plaintiffs submitted expert affidavits raising triable issues of fact as to both general and specific causation (see Dominick v Charles Millar & Son Co., 149 AD3d 1554, 1555-1556; Penn v Amchem Prods., 85 AD3d 475, 476). The conclusions of the plaintiffs' experts were sufficiently supported by studies and medical literature, and demonstrated specific causation through a scientific method (see Parker v Mobil Oil Corp., 7 NY3d at 449). The experts' conflicting interpretations of the underlying studies and literature presented a credibility battle between the parties' experts, which is properly left to a jury for its resolution (see Mehtvin v Ravi, 180 AD3d 661, 664; Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d 723, 724).
Accordingly, the Supreme Court should have denied those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court