Owens v Ascencio (2022 NY Slip Op 06133)

Owens v Ascencio

2022 NY Slip Op 06133

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-00657
 (Index No. 8740/15)

[*1]Marie Owens, appellant, 
v
Janice Krystal Ascencio, etc., et al., respondents, et al., defendants.

Rosenberg, Minc, Falkoff & Wolff, LLP, New York, NY (Brooke Balterman and Gary Silverstein of counsel), for appellant.
Feldman, Kleidman, Coffey & Sappe LLP, Fishkill, NY (Marsha S. Weiss and Wayne Rubin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), entered November 20, 2018. The judgment, upon a jury verdict in favor of the defendants Janice Krystal Ascencio and Crystal Run Healthcare, LLP, on the issue of liability, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, the complaint is reinstated insofar as asserted against the defendants Janice Krystal Ascencio and Crystal Run Healthcare, LLP, and the matter is remitted to the Supreme Court, Orange County, for a new trial as to those defendants.
The plaintiff commenced this action to recover damages for medical malpractice arising out of her development of necrotizing fasciitis following a hysterectomy performed by the defendant Janice Krystal Ascencio. A jury trial was conducted on the issues of whether Ascencio deviated from accepted standards of care by failing to order a complete blood count with differential prior to the plaintiff's discharge from the hospital and by not directing the plaintiff to immediately come to Ascencio's office or go to the emergency room on June 5, 2015, upon the plaintiff's report of certain symptoms four days after her discharge from the hospital, and whether those alleged departures proximately caused the plaintiff's alleged injuries. The jury returned a verdict in favor of Ascencio and the defendant Crystal Run Healthcare, LLP (hereinafter together the defendants), Ascencio's employer, finding that Ascencio did not depart from accepted standards of care. The Supreme Court entered a judgment dismissing the complaint insofar as asserted against the defendants, and the plaintiff appeals.
The plaintiff's contention that the Supreme Court erred in admitting evidence concerning the plaintiff's prior lab results of her white blood cell count because the evidence was not relevant is unpreserved for appellate review, as the plaintiff did not object to the admission of the evidence on this ground (see Rucigay v Wyckoff Hgts. Med. Ctr., 194 AD3d 865, 867; Aronov v Kanarek, 166 AD3d 574, 576). The plaintiff's contention that the defendants' counsel improperly argued on summation that the actions of other physicians in response to the prior lab results [*2]established the standard of care is also unpreserved for appellate review, as the plaintiff did not object to the comments at trial (see Lucian v Schwartz, 55 AD3d 687, 689; Murray v Weisenfeld, 37 AD3d 432, 434 ).
The Supreme Court properly permitted the defendants' counsel to cross-examine the plaintiff's husband regarding the fact that he was convicted of an assault upon the plaintiff (see CPLR 4513; People v Martinez, 143 AD3d 564, 564; People v Calvert, 266 AD2d 226, 226-227). Underlying facts concerning the nature of the assault were not elicited until the plaintiff opened the door to the use of such testimony for the purpose of impeaching her credibility (see People v Cooper, 92 NY2d 968, 969).
However, we agree with the plaintiff that the Supreme Court improvidently exercised its discretion in precluding her infectious disease expert from testifying regarding the source of her infection (see Gallo v Linkow, 255 AD2d 113, 117-118). CPLR 3101(d)(1)(i) requires each party to "identify each person whom the party expects to call as an expert witness at trial and [to] disclose in reasonable detail the subject matter on which each expert is expected to testify, . . . the qualifications of each expert witness and a summary of the grounds for each expert's opinion." A court may properly preclude an expert from testifying concerning a new theory of liability not readily discernible from the party's bills of particulars and the expert disclosure (see Apikoglu v Leitman, 92 AD3d 623, 623; Ryan v St. Francis Hosp., 62 AD3d 857, 857; LaFurge v Cohen, 61 AD3d 426, 426; Durant v Shuren, 33 AD3d 843, 844).
Here, the Supreme Court precluded the plaintiff's expert from testifying regarding his opinion that the plaintiff's infection originated internally during the surgery on the ground that the expert disclosure referenced only the alleged failure to timely diagnose and appropriately treat a postoperative wound infection. However, in light of the other allegations in the expert disclosure and the incorporated bills of particulars, including those that addressed the alleged failure to discover a "festering infection" and/or a "surgical site infection" prior to the plaintiff's discharge, "'the expert witness [disclosure] statement was not so inadequate or inconsistent with the expert's [proposed] testimony as to have been misleading, or to have resulted in prejudice or surprise'" (Rabinowitz v Elimian, 55 AD3d 813, 814, quoting Gagliardotto v Huntington Hosp., 25 AD3d 758, 759). Moreover, in this "prototypical battle of the experts" (Rivera v City of New York, 80 AD3d 595, 596), the preclusion of expert testimony concerning the origin of the plaintiff's infection, and its effect on Ascencio's alleged ability to discover the infection prior to the plaintiff's discharge, prejudiced the plaintiff in presenting her case, such that the error cannot be deemed harmless (see Rocco v Ahmed, 146 AD3d 836, 839).
In light of our determination, we need not address the plaintiff's remaining contention.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court