Lee v Westchester County Health Care Corp. (2023 NY Slip Op 04762)

Lee v Westchester County Health Care Corp.

2023 NY Slip Op 04762

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-00300
 (Index No. 69516/15)

[*1]Christopher R. Lee, respondent,
v
Westchester County Health Care Corporation, et al., appellants, et al., defendants.

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for appellants.
Slater Sgarlato & Cappello, P.C., Staten Island, NY (Robert A. Sgarlato of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Westchester County Health Care Corporation, Westchester Medical Center, Min Li Xu, Dmitriy V. Karev, Hanna Alemayehu, David Spielvogel, Ramin Malekan, and Arun Goyal appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated December 23, 2019. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
After a car accident, in the early morning hours of August 19, 2014, the plaintiff was transported by ambulance to the emergency room of the defendant Westchester Medical Center, where he was treated by the defendants Min Li Xu, Dmitriy V. Karev, Hanna Alemayehu, David Spielvogel, Ramin Malekan, and Arun Goyal (hereinafter with the Westchester County Health Care Corporation, collectively the hospital defendants). After 2:45 a.m., the plaintiff was diagnosed with an aortic transection, but was hemodynamically stable. Accordingly, Malekan, the on-call attending cardiothoracic surgeon, delayed treatment of the aortic transection due to the risk of complications from immediate repair surgery. By 5:30 a.m., however, there was a lack of detectable blood flow to the plaintiff's lower extremities. At that time, Malekan decided that the plaintiff would undergo the aortic transection repair and contacted the operating room. The plaintiff was transported to the operating room at 6:49 a.m., and surgery began at 9:52 a.m. Although that surgery successfully repaired the plaintiff's aorta, the plaintiff was rendered a paraplegic.
The plaintiff commenced this action alleging, inter alia, a cause of action to recover damages for medical malpractice. In his bill of particulars, the plaintiff alleged that the hospital defendants failed to properly monitor his condition and delayed the aortic repair surgery, resulting in permanent injury, including paraplegia and organ damage. After the conclusion of discovery, the hospital defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their motion, and the hospital defendants appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235, citing Roca v Perel, 51 AD3d 757, 758). If the defendant makes such a showing, the burden then shifts to the plaintiff to raise a triable issue of fact, but only as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18, 30).
Here, the hospital defendants met their initial burden of demonstrating their entitlement to judgment as a matter of law by submitting expert affirmations establishing that the hospital defendants properly monitored the plaintiff's condition, that the decision to delay the aortic repair surgery was appropriate and within prevailing standards of practice considering that the plaintiff was hemodynamically stable and the mortality risk of performing immediate repair surgery, and that the alleged malpractice did not proximately cause the plaintiff's injuries. In opposition, the plaintiff's expert raised issues of fact as to whether the hospital defendants failed to properly monitor the plaintiff's condition in the hospital and, thus, failed to timely realize he was no longer hemodynamically stable, whether the defendants deviated from the standard of care in delaying the aortic repair surgery in light of the plaintiff's deteriorating condition, and whether that delay proximately caused the plaintiff's injuries (see Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d at 1235; Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904). Contrary to the hospital defendants' contention, the plaintiff's expert did not offer an opinion outside of the expert's area of specialization (cf. Behar v Coren, 21 AD3d 1045, 1047).
The hospital defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the hospital defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court