Ghazala v Shore Haven Apt. Del, LLC (2024 NY Slip Op 03681)

Ghazala v Shore Haven Apt. Del, LLC

2024 NY Slip Op 03681

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-06406
 (Index No. 503433/16)

[*1]Tanveer Ghazala, et al., respondents, 
v
Shore Haven Apartment Del, LLC, et al., appellants.

Dorf & Nelson LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Ashley N. Guarino], of counsel), for appellants.
Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated August 13, 2020. The order granted the plaintiffs' motion to sever their respective damages claims for purposes of trial and denied the defendants' motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiffs and against the defendants on the issue of liability in the interest of justice and for a new trial on the issue of liability.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the defendants' motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiffs and against the defendants on the issue of liability in the interest of justice and for a new trial on the issue of liability, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability, and thereafter for separate trials on the issue of damages, if warranted.
The plaintiffs allegedly were injured when the ceiling of a residential apartment collapsed on them. The plaintiffs commenced the instant action to recover damages for personal injuries against the defendants, Shore Haven Apartment Del, LLC, which owned the building in which the apartment was located, and Apartments Management Association LLC, which managed the building.
The matter proceeded to a jury trial, during which, the plaintiffs' application to preclude the defendants' expert from testifying, or alternatively, for a hearing pursuant to Frye v United States (293 F 1013, 1013-1014 [DC Cir]) was granted to the extent that the expert was precluded from testifying. The jury thereafter returned a verdict in favor of the plaintiffs on the issue of liability.
Following the verdict, the plaintiffs moved for severance of their respective damages claims for purposes of trial. The defendants moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability in the interest of justice and for a new trial on the issue of liability. [*2]By order dated August 13, 2020, the Supreme Court granted the plaintiffs' motion and denied the defendants' motion. The defendants appeal.
"Pursuant to CPLR 4404(a), a trial court has the discretion to order a new trial in the interest of justice" (Duman v Scharf, 186 AD3d 672, 674). "A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence," among other things (Schuster v Sourour, 207 AD3d 491, 493-494, quoting Duman v Scharf, 186 AD3d at 674).
The defendants contend that they should have been granted a new trial based upon the Supreme Court's improper preclusion of their expert witness, Andrew Yarmus. "[E]xpert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (De Long v County of Erie, 60 NY2d 296, 307; see Matott v Ward, 48 NY2d 455, 459). The expert must possess "the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (Matott v Ward, 48 NY2d at 459). "The expert's opinion, taken as a whole, must also reflect an acceptable level of certainty in order to be admissible" (Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d 723, 724; see Matott v Ward, 48 NY2d at 460).
Here, the defendants' CPLR 3101(d) disclosure indicated that Yarmus, a professional engineer with experience in construction management and building and safety code compliance, would testify, inter alia, as to the materials and manner of construction of the ceiling at issue, as well as the manner in which ceilings so constructed may detach and collapse, allegedly, without a defect that is detectable so as to give notice of a dangerous condition. Contrary to the plaintiffs' contention, Yarmus's proposed testimony was neither so conclusory or speculative, nor without basis in the record, as to render it inadmissible (see Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d at 724; Erbstein v Savasatit, 274 AD2d 445, 446; see also Owens v Ascencio, 210 AD3d 686, 688). Rather, any purported shortcomings in the proposed testimony went "to the weight to be given his testimony, not its admissibility" and could appropriately be explored on cross-examination (Martell v Dorchester Apt. Corp., 208 AD3d 1183, 1185; see Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d at 724).
As to the plaintiffs' request for a Frye hearing with respect to Yarmus's proposed testimony, "[t]he long-recognized rule of Frye . . . is that expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has 'gained general acceptance' in its specified field" (People v Wesley, 83 NY2d 417, 422, quoting Frye v United States (293 F at 1014). An expert opinion based on personal training and experience is not subject to a Frye analysis (see Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 847). Since, in the present case, Yarmus's proposed testimony was based upon his personal training and experience, a Frye hearing was not warranted (see id. at 847).
Accordingly, while the Supreme Court properly declined to order a Frye hearing, it improvidently exercised its discretion in precluding the defendants' expert from testifying. We conclude that a new trial on the issue of liability is required in the interest of justice, as preclusion of the defendants' expert "prejudiced [their] ability to present a full defense" (Bergamaschi v Gargano, 293 AD2d 695, 696; see Owens v Ascencio, 210 AD3d at 688; Schuster v Sourour, 207 AD3d at 494).
However, we further conclude that the Supreme Court's exercise of discretion to grant the plaintiffs' motion for a severance of their respective damages claims for purposes of trial was not improvident. In light of the plaintiffs' differing medical histories, injuries, and treatment, "there is not such an identity of factual and legal questions as to render a single trial of [their respective damages claims] appropriate in the interest of judicial economy," and a single trial could, under the circumstances of this case, lead to juror confusion (Weiss v Meiselman, 155 AD2d 531, 532; see Gittino v LCA Vision, 301 AD2d 847, 848). Thus, upon any new finding of liability, the plaintiffs will each be entitled to a separate trial of their respective damages claims.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court