Liese v Hennessey
2026 NY Slip Op 03155
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jennifer S. Liese, appellant,
v
William Hennessey, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2020-04179, 2020-04180, (Index No. 2499/14)
Mark C. Dillon, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Sussman and Associates, Goshen, NY (Jonathan R. Goldman of counsel), for appellant.
Penino & Moynihan, LLP, White Plains, NY (Henry L. Liao of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated April 22, 2020, and (2) an order of the same court dated April 27, 2020. The order dated April 22, 2020, after a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]), granted that branch of the defendants' motion which was to preclude the proposed testimony of the plaintiff's expert regarding medical causation except as to mild respiratory ailments. The order dated April 27, 2020, insofar as appealed from, granted the same relief.
ORDERED that the appeal from the order dated April 22, 2020, is dismissed, as that order was superseded by the order dated April 27, 2020; and it is further,
ORDERED that the order dated April 27, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained due to exposure to mold in a home that she leased from the defendants, William and Merle L. Hennessey. The plaintiff alleged that her exposure to mold resulted in several injuries including, inter alia, invasive fungal infections, neurological symptoms, immunosuppression, and respiratory ailments. The defendants moved for summary judgment dismissing the complaint or, in the alternative, for a Frye hearing on the admissibility of the plaintiff's expert's testimony on the issue of causation (see Frye v United States, 293 F 1013) and to preclude the plaintiff's expert testimony on the issue of causation. In November 2018, the Supreme Court granted that branch of the defendants' motion which was for a Frye hearing. Following the hearing, in an order dated April 22, 2020, the court granted that branch of the defendants' motion which was to preclude the proposed testimony of the plaintiff's expert regarding medical causation except as to minor respiratory ailments. In an order dated April 27, 2020, the court, among other things, granted the same relief. The plaintiff appeals from both orders.
"In toxic tort cases, an expert opinion on causation must set forth (1) a plaintiff's exposure to a toxin, (2) that the toxin is capable of causing the particular injuries plaintiff suffered (general causation) and (3) that the plaintiff was exposed to sufficient levels of the toxin to cause such injuries (specific causation)" (Sean R. v BMW of N. Am., LLC, 26 NY3d 801, 808; see Buist v Bromley Co., LLC, 226 AD3d 740, 741). "[I]t is not always necessary for a plaintiff to quantify exposure levels precisely or use the dose-response relationship, provided that whatever methods an expert uses to establish causation are generally accepted in the scientific community" (Parker v Mobil Oil Corp., 7 NY3d 434, 448; see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 784). "'At a minimum, . . . there must be evidence from which the factfinder can conclude that the plaintiff was exposed to levels of that agent that are known to cause the kind of harm that the plaintiff claims to have suffered'" (Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 784, quoting Wright v Willamette Indus., Inc., 91 F3d 1105, 1107 [8th Cir]; see Pistone v American Biltrite, Inc., 194 AD3d 1085, 1086).
"In determining the admissibility of expert testimony, New York follows the rule of Frye v United States (293 F 1013) that 'expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has gained general acceptance in its specified field'" (Farrell v Lichtenberger, 194 AD3d 1013, 1015, quoting Lugo v New York City Health & Hosps. Corp., 89 AD3d 42, 55; see Buist v Bromley Co., LLC, 226 AD3d at 741). "A showing that an expert's opinion has 'some support' is not sufficient to establish general acceptance in the relevant scientific community" (People v Williams, 35 NY3d 24, 37; see Buist v Bromley Co.,LLC, 226 AD3d at 741). "[I]t is not necessary 'that the underlying support for the theory of causation consist of cases or studies considering circumstances exactly parallel to those under consideration in the litigation,'" and "'[i]t is sufficient if a synthesis of various studies or cases reasonably permits the conclusion reached by the plaintiff's expert'" (Zito v Zabarsky, 28 AD3d 42, 44, quoting Marsh v Smyth, 12 AD3d 307, 312-313 [concurring opinion]; see Farrell v Lichtenberger, 194 AD3d at 1015).
The record supports the Supreme Court's determination that the plaintiff failed to establish that the scientific community generally accepts her expert's theory that mold can cause the types of injuries that the plaintiff alleged (see Buist v Bromley Co., LLC, 226 AD3d at 741-742). General causation cannot be established through studies showing only a 'risk' or 'association' between mold exposure and the development of certain medical conditions (see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 783). The defendants' expert relied on a position paper of the American Academy of Allergy, Asthma and Immunology published in 2006 (hereinafter the AAAAI position paper), that directly challenges the plaintiff's expert's theory of causation. Specifically, the AAAAI position paper asserted, inter alia, that mold-related toxicity from inhalation of toxic mold products is not supported by the data, that mold can cause irritant respiratory reactions, and that mold exposure does not cause immune dysregulation. Moreover, the scientific literature and testimony proffered by the plaintiff's expert was insufficient to demonstrate that the plaintiff's expert's theory of general causation has gained general acceptance in the scientific community. Thus, the plaintiff failed to establish that her expert's theory of general causation satisfied the Frye standard (see id.; Buist v Bromley Co., LLC, 226 AD3d at 742).
Furthermore, the plaintiff failed to establish that the method used by her expert to establish specific causation satisfied Frye. To prove specific causation, it is not enough for a plaintiff's expert to testify that "exposure to a toxin is excessive or far more than others," or to offer testimony "that merely links a toxin to a disease or work[s] backwards from reported symptoms to divine an otherwise unknown concentration of a toxin" (Nemeth v Benntag N. Am., 38 NY3d 336, 343 [internal quotation marks omitted]; see Parker v Mobil Oil Corp., 7 NY3d at 448; Buist v Bromley Co., LLC, 226 AD3d at 742). "Differential diagnosis is a generally accepted methodology by which a physician considers the known possible causes of a patient's symptoms, then, by utilizing diagnostic tests, eliminates causes from the list until the most likely cause remains" (Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 784-785). "At a minimum, . . . there must be evidence from which the factfinder can conclude that the plaintiff was exposed to levels of th[e] agent that are known to cause the kind of harm that the plaintiff claims to have suffered" (id. at 784 [internal quotation marks omitted]; see Buist v Bromley Co., LLC, 226 AD3d at 742).
Here, the plaintiff's expert did not and could not quantify the plaintiff's exposure to mold or mycotoxins (see Buist v Bromley Co., LLC, 226 AD3d at 742; Fraser v 301-52 Townhouse Corp., 57 AD3d 416, 420). Moreover, the plaintiff's expert's differential diagnosis failed to use accepted methods of diagnosing mold-related illness and, thus, was insufficient to prove specific causation (see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d at 784-785; Buist v Bromley Co., LLC, 226 AD3d at 742).
Accordingly, we affirm the order dated April 22, 2020, and we affirm the order dated April 27, 2020, insofar as appealed from.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court